{¶ 44} I respectfully dissent from the majority's resolution of the first assignment of error. Specifically, I disagree with the majority's conclusion that the recreational activity defense based upon primary assumption of the risk is not applicable in this case.
 {¶ 45} The majority agrees that Andrea engaged in the recreational activity of riding on a farm wagon on a hayride. By doing so, she assumed the ordinary risks of the activity. SeeMarchetti v. Kalish (1990), 53 Ohio St.3d 95, syllabus;Gentry v. Craycraft, 101 Ohio St.3d 141, 2004-Ohio-379, ¶ 10
(where injuries stem from conduct that is a foreseeable, customary part of the activity, a defendant cannot be held liable for negligence because no duty is owed to protect the victim from that conduct).
 {¶ 46} I do not agree with the majority that the risks that occurred in the instant case were not risks inherent with hayrides. It is a foreseeable, customary part of a hayride to ride over uneven terrain on a wagon pulled, in this case, by mechanical farm equipment. There are inherent risks with uneven terrain and mechanical equipment. Further, the Brennans assumed the ordinary risk of a hayride that a participant may fall off the hay wagon. Andrea's ankle injury was the result of her falling or jumping off the wagon.
 {¶ 47} Given that Andrea's injury was the result of the ordinary risks of the recreational activity, the Brennans could not recover for any injury unless it could be shown that the other participant's actions were either "reckless" or "intentional." SeeMarchetti.
 {¶ 48} There was no evidence presented in the record that the actions of Donald or appellees were reckless or intentional in regard to the machinery or the hayride itself. With *Page 13 
the absence of evidence of reckless or intentional conduct, the Brennans cannot recover for the injury and summary judgment for appellees was appropriate.
 {¶ 49} I note that the trial court also considered the negligence claim of the Brennans and determined that no proof of the cause of the accident was presented as required by Civ. R. 56, and a reasonable jury could only find in favor of appellees on the issue of negligence.
 {¶ 50} The Brennans' first assignment of error should be overruled. Therefore, I respectfully dissent on the first assignment of error. *Page 1